UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JINGPING LONG,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>ANASTASIIA MARCHUK & JOHN DOE,  )<br>  )<br>  Defendants.  )<br>  ) | Civil Action No. 24-11743-PBS |

REPORT AND RECOMMENDATION ON MOTION
FOR RULE 11 SANCTIONS AND INJUNCTIVE RELIEF
[Docket No. 9]

September 16, 2024

Boal, M.J.

    Pro se plaintiff Jingping Long has moved, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions against defendant Anastassia Marchuk and three non-parties for their alleged harassment of Long's son. Docket No. 9.[1] Long also requests injunctive relief, though it is not clear whether he seeks such injunctive relief as a sanction or separately under Rule 65 of the Federal Rules of Civil Procedure. See id. at 2. For the following reasons, I recommend that Judge Saris deny the motion.

    Rule 11 of the Federal Rules of Civil Procedure requires the moving party to follow certain procedural requirements. First, the motion "must be made separately from any other," and it "must be served [on the offending party and/or attorney] under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is

---

[1] On August 7, 2024, Judge Saris referred this case to the undersigned for full pretrial proceedings, including report and recommendation on dispositive motions. Docket No. 11.

withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

"Together, these provisions provide a 'safe harbor' for attorneys, law firms, or parties accused of sanctionable conduct by their opponent." Triantos v. Guaetta & Benson, LLC, 91 F.4th 556, 561 (1st Cir. Jan. 30, 2024). These requirements are mandatory. Id. "[T]he object of the safe harbor is to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." Id. (quoting Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005)). "Failure to comply with these 'carefully wrought' procedural requirements 'disqualif[ies]' Rule 11 as a basis for sanctions." Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 447 (1st Cir. 2022) (citing Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1st Cir. 2010)).

Here, there is no indication that Long has complied with these procedural requirements. Accordingly, I recommend that Judge Saris deny the motion to the extent that it seeks sanctions under Rule 11.

To the extent that Long seeks injunctive relief, he must demonstrate (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest. Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003). The first two factors - likelihood of success on the merits and irreparable harm - are threshold issues; a plaintiff who is unable to demonstrate either must fail in his quest for preliminary injunctive relief. United States v. Weikert, 504 F.3d 1, 5 (1st Cir. 2007).

The party requesting preliminary injunctive relief bears the burden of establishing that these four factors weigh in favor of granting the injunction. Nieves-Marquez, 353 F.3d at 120.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." Bear Republic Brewing Co. v. Central City Brewing Co., 716 F.Supp.2d 134, 139 (D. Mass. 2010) (emphasis in original; citations omitted).  Long has not addressed, let alone shown, that he is likely to succeed in his claims in this action.[2]  Accordingly, I also recommend that Judge Saris deny the motion to the extent that it seeks a preliminary injunction.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

---

[2] This Court also notes that Long seeks injunctive relief against non-parties.  Docket No. 9 at 1. Injunctive relief is available against non-parties only in very limited circumstances, none of which Long has shown to be present in this case.  See Fed. R. Civ. P. 65(d)(2) (providing that an injunction binds only a nonparty who receives actual notice of the order and who is an officer, agent, servant, employee, or attorney" of a party or "who [is] in active concert or participation with" a party or the officer, agent, servant, employee, or attorney of party, to whom the injunction applies).


F.2d 343 (1st Cir.1993).

        /s/ Jennifer C. Boal  
        JENNIFER C. BOAL  
        United States Magistrate Judge